Johnson C. J., delivered the opinion of the court. The first question is, whether the writ of ne exeat properly is-» sued, and secondly, in case it did, whether the defendant has made such a showing as to entitle him to a discharge. It is contended' by the petitioner that the complainants have not made out such a? case as would authorize the 'issuance of the writ. The statute provides that “whenever any complainant shall set forth in his bill, that he has an equitable cause of action against the defendant named in the bill, and that a remedy at law cannot be afforded him, and that the defendant- is about to leave the State and remove his effects, without any intention of returning, and that he has failed to make satisfaction for the same, a writ of n& exeat may be granted to stay the defendant in the State until he' makes satisfaction or the matter is determined, notwithstanding the cause of action may have accrued previous to the application for such writ. The fact that complainants are the securities of defendant on a nole duo the State Bank, and that in the event of his failure to pay it, they will become liable, would not, of itself, afford a sufficient ground for the issuance of the writ. For in that case, the debt being due, their remedy at law is ample and complete. If this were the only ground set out in the bill, it would be clear that the writ improvidently issued, and this court would set it aside and discharge the defendant. But the application in this case is based upon the ground that the defendant executed to the complainants a deed of trust for certain negroes and other property, conditioned that in the event said note should fall due and not he paid by defendant, that the complainants might take possession of the property therein mentioned, make sale of the same and apply the proceeds to the payment of the note. It cannot be controverted that they had the right to resort to chancery to enforce their rights which accrued to them under and by virtue of the deed. It is therefore clear that if the facts charged in the bill are true, and they are not denied, the complainants are entitled to the benefit of the writ. We will now inquire whether he has made such a showing as to entitle him to a discharge. The law requires him to be stayed until he makes satisfaction, or the matter is determined. The law requires that the debt shall have been paid, or that the matter shall have been brought to such a determination ns to afford the complainant full and adequate redress at law. The sheriff testifies that he has taken certain property of the defendant’s, and that he considered it sufficient to pay the debt. This does not a'mount to a satisfaction of the debt, nor a final determination of the matter. The application is refused.